Per Curiam.

The facts as found by the court below are that plaintiff, a credit company, purchased an installment contract made by three persons as co-buyers of an automobile. After making one payment, one Reid, advised plaintiff that he could not continue the payments and suggested that defendant be substituted as the buyer on the contract. Defendant appeared at plaintiff’s office and an agreement was made whereby defendant *736 assumed the contract. To induce this agreement plaintiff represented to defendant that insurance could be procured by making a down payment of $25. Plaintiff thereupon turned over the ear to defendant and he drove it to a garage. That same day defendant applied to an insurance broker for a policy and was told that a down payment substantially in excess of $25 was required. Defendant did not procure insurance and, as far as the record shows, made no further effort to do so. He paid the next two installments on the purchase contract and then defaulted'. In this suit on that contract he pleads that the contract was obtained by fraud and has been sustained by the court below on finding the facts as above set out.
Assuming that the representation was made as defendant claims, he was aware of its falsity on the same day. He did nothing to effect a rescission and, on the contrary, affirmed the contract by making the next two payments. When he sought to avoid the contract he did not tender back the car. At that time his garage man asserted a lien on the car for storage, and he did nothing to satisfy the lien.
The alleged fraud would have allowed him to rescind had he elected to do so. His actions show that he did not. His defense therefore fails, and plaintiff is entitled to judgment as demanded in the complaint.
The judgment should he reversed, with $30 costs, and judgment directed for plaintiff for $462.73, with interest and costs.